**COVELL v. DISTRICT OF COLUMBIA.**

No. 6578.

United States Court of Appeals for the District of Columbia.

Argued March 4, 1936.

Decided April 6, 1936.

Tracy L. Jeffords and Edwin C. Dutton, both of Washington, D. C., for appellant.

E. Barrett Prettyman and Chester H. Gray, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

This suit was brought in the Supreme Court of the District of·Columbia by appellant, plaintiff below, against the District of Columbia for damages for injuries claimed to have been sustained as the result of a fall on a sidewalk which it was alleged was maintained in a dangerous and poorly lighted condition. At the conclusion of the evidence the trial court directed a verdict in favor of the District. From the judgment thereon, this appeal was taken.

In her declaration, plaintiff alleged that she sustained injuries by reason of the negligence of the defendant in "allowing dirt, stone, pebbles and gravel to accumulate" on the "street and sidewalk known as Holmead Place between Monroe Street and Otis Place, Northwest, in the District of Columbia." The District is then charged with notice of the dangerous condition of the sidewalk caused by the accumulation of pebbles and gravel thereon.

Defendant filed a motion to require plaintiff to locate with more certainty the place at which she claimed to have fallen. As a result of that motion, a stipulation was entered into between counsel for plaintiff and counsel for defendant which fixed the exact location of the place where the plaintiff was thrown as on "the east side of Holmead Place between Newton and Meridian Streets, N. W., nearly in front of premises numbered 3433 Holmead Place, N. W., in the District of Columbia."

The motion for a directed verdict was sustained upon the ground that the evidence disclosed that plaintiff fell, not on the sidewalk, as alleged in her declaration, but on the tree space or parking between the sidewalk and the curb of the street. This tree space was shown to be 9.10 feet in width. The only witnesses as to the

 

point where the plaintiff fell were the plaintiff herself and her daughter, who accompanied her at the time of the accident. Both witnesses testified positively that plaintiff fell on the cement sidewalk. It was argued that this evidence was discredited by the testimony of the plaintiff that after she stepped up on the curb from the street she had taken but .one or two steps when she fell, and that she must have fallen on the parking instead of on the sidewalk. If she did, this was claimed to constitute a fatal variance.

While it is true that the plaintiff became somewhat confused in her cross-examination as to exactly how far she proceeded after stepping up on the curb, and as to whether or not there was any parking between the sidewalk and the curb of the street, her testimony and that of her daughter is positive that she fell on the cement sidewalk. In view of this confusion in the testimony, the case was one for the jury, and it was error to direct a verdict for the defendant when there existed an issue of fact so clearly calling for the determination of the jury.

Many cases are cited by counsel for defendant wherein questions similar to that involved in the present case were decided, and great reliance is placed upon the case of District of Columbia v. Donaldson, 38 App.D.C. 259. In that case, however, there was no conflict in the testimony as to where the accident occurred. It was charged to have occurred on the sidewalk, due to a defect therein, whereas the uncontradicted evidence disclosed that it occurred on a path leading from the sidewalk across the parking to the street. There was no conflict in the evidence as in the present case.

It is unnecessary to consider at length the question of notice. The contention of the District is that the accident occurred on the parking and that the averments of the declaration failed to charge any defect therein. The declaration, however, does clearly charge that the District negligently permitted the accumulation of dirt, stone, pebbles, and gravel on the sidewalk, and that the accident was caused as the result of this accumulation. There was sufficient evidence, of at least constructive notice, to the District of the condition of the sidewalk to justify the submission of the issue of negligence to the jury; and in view of the testimony that the accident occurred upon the sidewalk where this condition existed, the case should have been submitted to the jury on the issues of fact.

The judgment is reversed, with costs.